UNITED STATES *v.* ELY & WALKER DRY GOODS CO. (No. 3547)[1]

United States Court of Customs and Patent Appeals, October 31, 1932

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell*, special attorney, of counsel), for the United States.

*Puckhafer, Rode & Tompkins* (*J. Stuart Tompkins* of counsel) for appellee.

[1] T. D. 45984.

is not applicable.

[Oral argument October 11, 1932, by Mr. Lawrence and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain miniature wreaths, trees, etc., composed in chief value of palm-leaf fiber, properly dutiable as manufactures in chief value of palm leaf at 25 per centum ad valorem under paragraph 1439 of the Tariff Act of 1922, the pertinent part of which reads:

PAR. 1439. Manufactures of bone, chip, grass, horn, quills, india rubber, gutta-percha, palm leaf, straw, weeds, or whalebone, or of which these substances or any of them is the component material of chief value, not specially provided for, 25 per centum ad valorem; * * * The terms "grass" and "straw" shall be understood to mean these substances in their natural state and not the separated fibers thereof.

The involved merchandise was assessed by the collector at the port of St. Louis as manufactures of vegetable fiber, not specially provided for, at 40 per centum ad valorem under paragraph 1021 of that act, which reads:

PAR. 1021. All woven articles, finished or unfinished, and all manufactures of vegetable fiber other than cotton, or of which such fibers or any of them is the component material of chief value, not specially provided for, 40 per centum ad valorem.

It is conceded by counsel for the Government that the merchandise is more specifically provided for in paragraph 1439 than in paragraph 1021. They contend, however, that it is provided for as "wreaths" and articles, not specially provided for, composed in chief value of—

natural leaves, plants, shrubs, herbs, trees, and parts thereof, chemically treated, colored, dyed, or painted,

in paragraph 1419 of that act and more specifically provided for therein than as manufactures of palm leaf under paragraph 1439.

The pertinent part of paragraph 1419 reads:

PAR. 1419. Feathers and downs, on the skin or otherwise, crude or not dressed, colored, or otherwise advanced or manufactured in any manner, not specially provided for, 20 per centum ad valorem; dressed, colored, or otherwise advanced or manufactured in any manner, including quilts of down and other manufactures of down; artificial or ornamental feathers suitable for use as millinery ornaments, artificial or ornamental fruits, vegetables, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for, 60 per centum ad valorem; natural leaves, plants, shrubs, herbs, trees, and parts thereof, chemically treated, colored, dyed, or painted, not specially provided for, 60 per centum ad valorem; boas, boutonnieres, wreaths, and all articles not specially provided for, composed wholly or in chief value of any of the feathers, flowers, leaves, or other material herein mentioned, 60 per centum ad valorem: * * *

The court below, in an opinion by Kincheloe, Judge, held, on the authority of the decision of this court in the case of *P. C. Kuyper & Co. et al.* v. *United States*, 17 C. C. P. A. (Customs) 22, T. D. 43320, that, as the involved merchandise was composed in chief value of palm-leaf fiber, it was not composed of "ornamental * * * leaves * * * and stems or parts thereof," nor of—

natural leaves, plants, shrubs, herbs, trees, and parts thereof, chemically treated, colored, dyed, or painted,

provided for in paragraph 1419, and, accordingly, sustained the protest.

In the *Kuyper* case, *supra*, as stated by the court below, this court held that so-called "isolepsis grass," which resembled a natural grass, manufactured from palm leaves, dyed and chemically treated, and used for decorative purposes, was not dutiable under paragraph 1419, *supra*, because it was not composed wholly or in chief value of ornamental or natural leaves, plants, etc. In this connection this court in an opinion by Bland, Judge, said:

Palm leaf is a *natural leaf* and is a part of a *natural plant*, and palm leaf, when given an ornamental character, may also be said to be an *ornamental leaf*. But the importation at hand is more than a leaf or plant and is more than a part of a leaf or plant. It is a leaf or plant or parts thereof manufactured into another article, to wit, isolepsis. It ceased to be a natural leaf or a natural plant or a part thereof when the palm leaf was shredded and manufactured into an article resembling grass and known as isolepsis grass. It is, therefore, aptly and definitely described in paragraph 1439 as a manufacture of palm leaf, and is dutiable thereunder.

In the case at bar the merchandise is not composed wholly or in chief value of ornamental or natural leaves, plants, or parts thereof within the purview of paragraph 1419 but is composed in chief value of palm-leaf fiber and is, therefore, a manufacture of palm leaf as held by the court below. *Kuyper & Co. et al.* v. *United States, supra*.

For the reasons stated, the judgment is *affirmed*.